UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kenyatta and Kimberly Nance,

                Plaintiffs,    Case No. 14-cv-13645
                                      Hon. Judith E. Levy
v.                                        Mag. Judge Mona K. Majzoub

Bank of America, N.A.,

                Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [4]**

This action arises from the foreclosure and sheriff's sale of a residential property owned by plaintiffs Kenyatta Nance and Kimberly Nance. Plaintiffs bring claims for quiet title and for violation of Michigan's loan modification statute, Mich. Comp. Laws § 600.3205, against defendant Bank of America, N.A. ("Bank of America"), the assignee of the mortgage on the property. Before the Court is defendant's Motion to Dismiss plaintiffs' complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Court will decide the motion

without oral argument. *See* E.D. Mich. LR 7.1(f). For the reasons set forth below, the Court will grant the motion.

I.   **Factual background**

On July 24, 2003, plaintiffs entered into a mortgage loan transaction with non-party Universal Home Lending, Inc. ("Universal") for property located at 24212 Petersburg Ave., Eastpointe, Michigan 48021 ("the Property"). (*See* Dkt. 1, Ex. 2 & 3 to Notice of Removal.) Plaintiffs executed a promissory note in the amount of $109,118.00 and a mortgage on the Property, both in favor of Universal. (Id.) The mortgage was ultimately assigned to defendant on October 24, 2012 and recorded on November 15, 2012. (Dkt. 1, Ex. 4 to Notice of Removal.)

Defendant initiated non-judicial foreclosure proceedings sometime in 2013, and the Property was sold at sheriff's sale on November 1, 2013. (Dkt. 1, Ex. 4 to Notice of Removal.) The redemption period expired on May 1, 2014. Plaintiffs filed suit in Macomb County Circuit Court on August 11, 2014, and Bank of America timely removed to this Court on September 19, 2014.

II.   **Analysis**

A.  **Standard of review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. When deciding such a motion, the court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). The court need not, however, accept as true "legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "factual allegations must be enough to raise the right of relief above the speculative level." *Id.*

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Iqbal*, 556 U.S. at 679 (citations and internal quotation marks omitted).

### B. Plaintiffs' ability to challenge the foreclosure and sale

It is well-established under Michigan law that a plaintiff cannot challenge a foreclosure and sale after the expiration of the 6-month redemption period, absent a clear showing of fraud or irregularity in the foreclosure proceedings themselves. *E.g., Bryan v. JPMorgan Chase Bank, N.A.*, 304 Mich. App. 708, 713-14 (2014). A plaintiff must further allege prejudice – that he would have been in a better position to keep the property, absent the fraud or irregularity – in order to void the foreclosure and sale. *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115-16 (2012). Allegations that a defendant failed to follow statutory loan modification procedures cannot support a claim of prejudice, as the statute does not require a defendant to grant a loan modification. *Wargelin v. Bank of America, N.A.*, No. 12-15003, 2013 WL 5587817, at *5 (E.D. Mich. Oct. 10, 2013). Plaintiffs thus cannot void the foreclosure and sale.

### C. Quiet title (Count I)

Plaintiffs have the burden of proof and must make out a *prima facie* case of quiet title. *Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet Cty. Rd. Comm'n*, 236 Mich. App. 546, 550 (1999). To properly assert a claim for quiet title under Michigan law, "[t]he complaint must allege: (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." Mich. Court Rules § 3.411(B)(2). Plaintiffs allege they hold a fee simple interest in the Property, obtained by warranty deed. (Dkt. 1, Ex. 1 to Notice of Removal, Compl. ¶ 5.) Plaintiffs also acknowledge defendant acquired its interest in the Property by the sheriff's sale of November 1, 2013. (Id. ¶ 6.)

Upon expiration of the redemption period after May 1, 2014, whatever interest plaintiffs had in the Property vested in defendant. Mich. Comp. Laws § 600.3236. Plaintiffs have not alleged facts indicating they attempted to redeem the Property within the redemption period. *See Snell v. Wells Fargo Bank, N.A.*, No. 11-12018, 2012 U.S. Dist. LEXIS 42828, at *3 (E.D. Mich. Mar. 28, 2012). Nor

have Plaintiffs alleged any facts establishing the superiority of their claim to the Property. Count I will therefore be dismissed.

### D. Violation of Michigan loan modification statute (Counts II and III)

Plaintiffs allege defendant violated Michigan's loan modification statute, Mich. Comp. Laws § 600.3205, by (1) incorrectly determining plaintiffs were not eligible for a modification; (2) failing to determine whether plaintiffs were eligible for certain other modifications; and (3) not sending plaintiffs a denial letter with the relevant calculations.[1] (Compl. ¶ 23.) Count III is redundant, as it merely states a request for relief for the violation alleged in Count II.

Michigan courts, as well as the Sixth Circuit and courts in this district, have consistently held that the only remedy for violation of the loan modification statute is conversion of a non-judicial foreclosure to a judicial foreclosure. *E.g.*, *Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 499 (6th Cir. 2014) (citing Mich. Comp. Laws § 600.3205c(8)); *Jones v. Nationstar Mortg., LLC*, No. 14-11642, 2014 WL

---

[1] Mich. Comp. Laws § 600.3205 was repealed effective June 2014.

5307168, at *3 (E.D. Mich. Oct. 16, 2014); *Hill v. US Bank, N.A.*, No. 319502, 2015 WL 1122922, at *3 (Mich. Ct. App. Mar. 12, 2015). This includes more than one case brought by plaintiffs' counsel here. *E.g.*, *Wargelin v. Bank of America, N.A.*, No. 12-15003, 2013 WL 5587817, at *5 (E.D. Mich. Oct. 10, 2013); *Thompson v. JPMorgan Chase Bank*, No. 13-11990, 2013 WL 3936499, at *3 (E.D. Mich. July 30, 2013). Those courts have likewise consistently held that once the redemption period has expired, this remedy is no longer available, and have dismissed claims on that basis. *E.g.*, *Thompson*, 2013 WL 3936499, at *3 (holding that § 600.3205 "does not provide a plaintiff with a cause of action to seek the reversal of a sheriff's sale that has already occurred"). Even if plaintiffs have alleged a violation of the loan modification statute, they cannot obtain any relief. Counts II and III will therefore be dismissed.

### III. Conclusion

Accordingly, defendant's Motion to Dismiss (Dkt. 4) is GRANTED; and

Plaintiffs' Complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: March 30, 2015          s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY

          United States District Judge

## CERTIFICATE OF SERVICE

 The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2015.

          s/ Felicia M. Moses
          FELICIA M. MOSES
          Case Manager